

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MICHAEL HOEFT, | CIV 04-4193 |
| Petitioner, | **MEMORANDUM OPINION AND ORDER** |
| -vs- | |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Michael Hoeft, filed a pro se petition for Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Petitioner also filed a Memorandum of Law and a Supplemental Memorandum of Law in support of his petition. Doc. 2, 24. The Respondent has filed a motion to dismiss. Doc. 30. After the Motion to Dismiss was filed, Petitioner contacted the Clerk's office and advised he had been released from the Minnehaha County Jail and was residing in Aberdeen, South Dakota.[1] Counsel for Respondent has filed a copy of a letter sent to Petitioner at his Aberdeen address on April 29, 2005, advising Petitioner that cousel was enclosing a copy of the motion to dismiss and supporting brief. Doc. 32. Petitioner has not responded to the Motion to Dismiss. After having considered all documents on file and all applicable law, the Court is denying the petition for relief under 28 U.S.C. § 2254.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 1995, the Petitioner was indicted by the Lincoln County Grand Jury for the following crimes: Count 1: Possession of a controlled substance with intent to distribute in

---

[1] Petitioner's release from incarceration does not render his case moot. The "in custody" requirement of the federal habeas statute is satisfied as long as a petitioner was incarcerated at the time the petition was filed. *Spencer v. Kemna*, 523 U.S. 1 (1998).

violation of S.D.C.L. § 22-42-2; Count 2: Possession of a controlled substance in violation of S.D.C.L. § 22-42-5; Count 3: Keeping a place for the use or sale of a controlled substance in violation of S.D.C.L. § 22-42-10; Count 4: Conspiracy to keep a place for the use or sale of a controlled substance in violation of S.D.C.L. §§ 22-42-10 and 22-3-8; Count 5: Delivery of a noncontrolled substance represented to be a controlled substance in violation of S.D.C.L. § 22-42-16; Count 6: Possession of a firearm by one with prior violent crime conviction in violation of S.D.C.L. § 22-14-15; Count 7: Unauthorized possession of substances with intent to make a destructive device; and Count 8: Attempted manufacture of a controlled substance in violation of S.D.C.L. § § 22-4-1(1) and 22-42-2. A Part II Information also charged Petitiotner with being a habitual offender as defined by S.D.C.L. § 22-7-7 for having been previously convicted of Manslaughter in the First Degree.

A jury trial was scheduled for January 3, 1996. On January 2, 1996, Petitioner pleaded no contest to Counts 1 and 7. Defendant also pleaded guilty to Counts 2, 5, and 6 of the Amended Indictment and to the habitual offender information. The State then dismissed the remaining counts of the Amended Indictment and also dismissed or agreed not to pursue a simple assault and felony child abuse charge and a magistrate file for insufficient checks. Petitioner's counsel on the state charges testified at the state habeas hearing that Petitioner could have potentially been sentenced to 90 years of imprisonment. Correspondence from Petitioner's counsel, dated December 28, 1995, also discloses that the State would be dismissing felony charges against Petitioner's wife, and allowing Petitioner' s wife to plead to a misdemeanor charge. The December 28, 1995, correspondence also provided the following information:

> During our discussions of plea proposals on Wednesday, December 27, 1995, we discussed a proposal from the State that would [provide for] an agreed disposition of 20 years ... . Although I indicated that the agreed disposition may be preferable to the open sentencing option, you chose the option which included the open sentence. Please be aware that the judge may sentence you to more than 20 years at the sentencing.

After a pre-sentence investigation was completed, Petitioner was sentenced to consecutive sentences which totaled 40 years in the South Dakota State Penitentiary and one year in the county jail to be served after his penitentiary time. Petitioner's sentence was vacated to allow him to file

a timely appeal, and he was resentenced the same as he was initially sentenced. The South Dakota Supreme Court affirmed the conviction. *See State v. Hoeft*, 594 N.W.2d 323 (S.D. 1999). The South Dakota Supreme Court refused to consider claims of ineffective assistance of counsel on Hoeft's direct appeal. *Id.* at 328.

Petitioner filed a state habeas petition on March 15, 1999, and was represented by counsel in the state habeas proceedings. An evidentiary hearing was held on the state petition on February 16, 1999.[2] Petitioner's request for state habeas relief was denied on September 24, 2003. On October 12, 2004, the South Dakota Supreme Court issued an Order Directing Issuance of Judgment of Affirmance after concluding "that it is manifest on the face of the briefs and the record that the appeal is without merit."

On December 6, 2004, Petitioner filed his Petition for writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this case, alleging ineffective assistance of counsel and a coerced plea. Respondent, in his motion to dismiss, contends that Petitioner failed to exhaust in state court all the bases for ineffective assistance of counsel which he alleges in this action. Respondent also requests that the Court dismiss the petition on the merits.

With regard to the ineffective assistance of counsel claim, Petitioner alleges:

1. Counsel failed to investigate any possible defenses;

2. Counsel failed to interview the State's informant;

3. Counsel failed to interview any witnesses who could have

    A    established the gun found at home was owned by defendant's spouse;[3]

    B.    established that defendant could not have distributed the

---

[2] The evidentiary hearing was held before the late state Circuit Court Judge Lee Tappe. After Judge Tappe was deceased, state Circuit Court Judge Stuart Tiede handled the state habeas action.

[3] In his state habeas proceedings, Petitioner contended that Jerry Kaufman was the owner of the loaded revolver found at his residence. Both Jerry Kaufman and Petitioner's wife were called to testify at the state habeas evidentiary hearing, and neither testified as to owning the revolver in issue.

       methamphetamine since there was only a trace amount;

   C.  established that defendant could not have made methamphetamine with the materials found in his home; and

   D.  established that defendant could not have made a destructive device with the materials found in defendant's home; and

 4. Counsel asked the court for a pre-sentence investigation that produced information that was damaging to the defendant.[4]

**APPLICATION OF PRINCIPLES OF LAW IN ACTIONS UNDER 28 U.S.C. § 2254**

 To succeed on his ineffective assistance of counsel claims, Petitioner must show ineffective assistance – that his attorney's representation fell below an objective standard of reasonableness, and prejudice – "a reasonable probability that, but for counsel's errors,[Hoeft] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). No-contest guilty pleas are held to be valid if " 'the plea represent a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Wilcox v. Hopkins*, 249 F.3d 720, 724 (8th Cir. 2001)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

 The Eighth Circuit Court of Appeals, in *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004), set forth the following parameters of federal court review of underlying state court decisions in actions under 28 U.S.C. § 2254:

> In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions. 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Accordingly,
> habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence

---

[4]Although Petitioner in the state habeas proceedings contended that counsel should not have requested the presentence report because it would disclose the prior conviction for manslaughter, the Part II Habitual Offender Information before the trial court already disclosed the manslaughter conviction.

4

>presented in the State court proceeding."
>*Robinson v. Crist*, 278 F.3d 862, 865 (8th Cir. 2002) (quoting 28 U.S.C. § 2254(d)).
>
>A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or ... decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413, 120 S.Ct. 1495. A state court decision involves an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. Finally, a state court decision involves "an unreasonable determination of the facts in light of the evidence presented in state court proceedings," 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1) ... .

The State habeas court found that there was substantial and compelling evidence against Petitioner, that the evidence was adequately reviewed by his counsel, and that the evidence was more than sufficient to support Petitioner's pleas. The State habeas court also found that based upon counsel's work and investigation, there was a reasonable basis for recommending pleas of guilty and nolo contendere. The State habeas court concluded that Petitioner was not denied effective assistance of counsel under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and that Petitioner did not establish a prejudicial result from counsel's performance. The State habeas court was affirmed by the South Dakota Supreme Court without issuing an opinion and after concluding that the issues on appeal were clearly settled by South Dakota or federal law and that there was clearly sufficient evidence to support the findings of fact made by the lower court.

After reviewing the entire record and considering the applicable law, this Court cannot conclude that the State habeas court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Although Petitioner criticizes counsel for not interviewing witnesses and retaining experts,

5

Petitioner has not produced any evidence that any experts or witnesses would provide testimony that would have assisted his case. At Petitioner's change of plea hearing, when Petitioner was asked whether he was satisfied with his counsel's representation of him, Petitioner responded in the affirmative. *See United States v. Hughes*, 16 F.3d 949, 951 (8th Cir. 1994)(failure to assert any objection to counsel's performance at change of plea hearing refutes claim of ineffective assistance of counsel as a basis for withdrawing plea).

While this Court acknowledges that a residue amount of methamphetamine is not strong evidence for a possession with intent to distribute charge, Petitioner plead no contest to this charge, and his no contest and guilty pleas resulted in the dismissal of and the agreement not to pursue other charges which would have exposed Petitioner to an even longer sentence. At the habeas evidentiary hearing, Petitioner responded to the following questions:

> Q: If you had gone to trial, could you have ended up getting sentenced to more than 40 years if you were convicted of all the charges?
> A: Yeah.
> Q: Were you afraid of that?
> A: Sure.

The no contest plea to the distribution charge represented a voluntary and intelligent choice among the alternative courses of action that were available to Petitioner. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Petitioner claims that his pleas were coerced, and in support of this contention relies on the alleged incompetence of counsel as well as the following colloquy at the plea hearing:

> THE COURT: Okay. Any questions?
> I don't want you to be coerced in any way or to think that you're being coerced to enter a plea of guilty to any charge.
>
> THE DEFENDANT: What can I do, Your Honor?
>
> THE COURT: It depends upon the factual scenario, Mr. Hoeft, and what happened. That's what you and your counsel need to discuss.

6

A review of the transcript reveals that the trial judge advised Petitioner of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969), and the entirety of Petitioner's statements at the time of the plea show a lack of coercion. *See Camillo v. Wyrick*, 640 F.2d 931 (8th Cir. 1981). This Court concludes that Petitioner's claim of a coerced plea is without merit. Accordingly,

**IT IS ORDERED** that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 is denied.

Dated this 10th day of March, 2006.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Deb Peters
(SEAL)   DEPUTY